UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEWANGE L. DOTSON, )<br>)<br>Plaintiff, )<br>) NO. 3:09 CV 543 JM<br>vs. )<br>)<br>ST. JOSEPH COUNTY JAIL, *et al.*, )<br>)<br>Defendants. ) | |

**OPINION AND ORDER**

Dewange L. Dotson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

1

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Dotson alleges claims arising from events that occurred while he was a pretrial detainee at the St. Joseph County Jail. Dotson's complaint is somewhat difficult to decipher, but giving it liberal construction, he alleges that on or about October 8, 2009, an incident occurred when detainees in Dotson's pod were being checked for lice by the nurses. Dotson alleges that the detainees were exiting the pod when he noticed "two deputies with guns, and one deputy shooting." (DE 1 at 3.) He alleges that even though he was doing nothing wrong, he was "hit with a pepper ball" fired by Deputy Heath, causing "pepper [to get] all over me." (*Id.*) He asserts that after this incident he and the other detainees were taken out to the recreation yard. (*Id.* at 3-4.)

Dotson claims that while he was standing in the recreation yard, Deputy Marvel approached him and yelled, "Sit the fuck down!" (*Id.* at 4.) Dotson did not comply, but instead told Deputy Marvel that another guard had told him it was okay to stand up. (*Id.*) Deputy Marvel replied, "Sit down, or I will sit you[r] ass down!" (*Id.*) He claims Deputy Marvel then grabbed his left leg and kicked his right leg out from under him, causing him to fall to the ground and injure his finger. (*Id.*)

The following day, Dotson alleges that he was speaking with Warden Julie Lawson, who happened to notice the injury to his finger and called Nurse Mary Lee Burns to come and take a look at it. (*Id.* at 7.) It is not clear from the complaint precisely what Nurse Burns did in connection with caring for Dotson's finger, but it is clear that Dotson later saw two doctors who assessed his injury. (*Id.*) He asserts that the doctors did not provide proper medical care and that as a result he still has some pain in his finger when he writes. (*Id.*) He faults Nurse Burns for not personally x-raying his finger. (*Id.*)

Dotson names as defendants the jail; Warden Lawson; Nurse Burns; and Deputies Heath and Marvel. Dotson's claim against the jail must be dismissed. The jail is a building, not a person or even a policy making unit of government that can be held liable under 42 U.S.C. § 1983. His claim against the warden also fails. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). The warden cannot be held liable solely in her capacity as the official overseeing the jail, and there is nothing in the complaint to indicate that she had personal involvement in these events, except that she told the nurse to provide medical care for Dotson's finger. Dotson has not explained, and the Court cannot discern, how asking a nurse to provide medical care amounts to a constitutional violation. Accordingly, Warden Lawson will be dismissed.

Dotson next alleges a claim of excessive force against Deputy Heath.* "The core requirement for such a claim is that [the defendant] used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Dotson alleges that he was doing nothing wrong when Deputy Heath hit him with some type of pepper spray, causing him to suffer pain and have difficulty breathing. Giving Dotson the inferences to which he is entitled at this stage, he has stated a claim of excessive force against Deputy Heath.

Dotson next alleges that Deputy Marvel used excessive force against him in the recreation yard. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," constitutes excessive force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Prison officials are given "wide-ranging deference" in their efforts to preserve internal order and maintain institutional security. *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986). That deference extends to "a prison security measure taken in

---

* Because Dotson was a pretrial detainee during these events, the Fourteenth rather than the Eighth Amendment applies, but the "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline." *Id.* Here, it is apparent from the complaint that the incident Dotson describes occurred when Deputy Marvel was attempting to restore order after a disturbance involving a large number of inmates. Deputy Marvel gave Dotson a direct order to sit down, and Dotson failed to comply. Although Deputy Marvel's subsequent actions resulted in an injury to Dotson's finger, the facts as alleged by Dotson indicate that Deputy Marvel was using force for a legitimate purpose, to obtain Dotson's compliance with a direct order, and used only that amount of force needed to make Dotson comply. Accordingly, Dotson has failed to state a claim against Deputy Marvel.

Finally, Dotson alleges a claim against Nurse Burns based on her failure to provide adequate medical care for his finger. In medical cases, the question is whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he [or she] must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually

5

did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Dotson faults Nurse Burns for not personally taking an x-ray of his finger, but there is nothing in the complaint to indicate that a jail nurse would have access to or the ability to operate an x-ray machine. Instead, it is apparent from the complaint that Nurse Burns had Dotson assessed by two different doctors, who could make their own determination about whether an x-ray was needed. Although Dotson believes that these doctors did not provide adequate care, that is not the fault of Nurse Burns. Accordingly, Nurse Burns will be dismissed.

For these reasons, the Court:

(1) **GRANTS** Dewange L. Dotson leave to proceed on his Fourteenth Amendment excessive force claim against Deputy Heath in an individual capacity for monetary damages for hitting Dotson with a pepper ball on or about October 8, 2009;

(2) **DISMISSES** the St. Joseph County Jail, Julie Lawson, Deputy Marvel, and Mary Lee Burns;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Deputy Heath; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Heath respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the

claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: February 19, 2010

<pre>                                s/James T. Moody                     
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT</pre>