UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEWANGE L. DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:09 CV 543 JM |
| | ) | |
| DEPUTY HEATH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Dewange L. Dotson, a *pro se* prisoner, was previously granted leave to proceed

on a Fourteenth Amendment claim against Deputy Heath, a guard at the St. Joseph

County Jail, for allegedly shooting him with a pepper ball without justification. (DE 9.)

Dotson has now filed an amended complaint.[1] (DE 14.)

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as

when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v.*

*Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule

---

[1] A party is entitled to amend once as a matter of right before a responsive
pleading is filed. FED. R. CIV. P. 15(a). Here, Deputy Heath has not yet responded to the
original complaint. When an amended complaint is filed it "supersedes all previous
complaints and controls the case from that point forward." *French v. Wachovia Bank*, 574
F.3d 830, 835 (7th Cir. 2009) (internal citation omitted).

12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v.*

*Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603.

In determining whether the complaint states a claim, the Court must bear in mind that

"[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that

defendants deprived him of a federal constitutional right; and (2) that the defendants

acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). In the

amended complaint, Dotson names two defendants: Deputy Heath and the St. Joseph

County Sheriff's Department. (DE 14 at 2.)

First, Dotson reasserts his excessive force claim against Deputy Heath.

Specifically, he alleges that on October 8, 2008,[2] an incident occurred while detainees in

Dotson's pod were being checked for lice by the nurses. Dotson alleges that during this

incident Deputy Heath shot him with a pepper ball for no reason, causing him to suffer

"severe breathing problems." (DE 14 at 2.) The core requirement of an excessive force

---

[2] In his original complaint, Dotson did not clearly allege the year the incident with Deputy Heath occurred, and the Court understood him to be complaining about events that occurred in October 2009. (*See* DE 1 at 3; DE 9 at 2.) In his amended complaint, Dotson makes clear that the events at issue occurred in October 2008. (DE 14 at 2.)

claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal quote marks and citation omitted). Several factors guide the Court's inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Dotson the inferences to which he is entitled at this stage, he has stated an excessive force claim against Deputy Heath.

Next, Dotson alleges a new claim against the Sheriff's Department, claiming that it is liable as Deputy Heath's employer. (*See* DE 14 at 2, 3.) However, there is no *respondeat superior* liability under 42 U.S.C. § 1983, and the Sheriff's Department cannot be held liable for Deputy Heath's actions simply because it is his employer. *See Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009).

Dotson also seeks to hold the Sheriff's Department liable for Deputy Heath's conduct under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978), which provides for municipal liability where an unconstitutional act was caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Co. Sheriff's Dep't*, 588 F.3d 445, 453 (7th Cir. 2009). Here, Dotson makes reference to alleged "jail policies" that violated his Fourteenth Amendment rights, but he does not identify these

policies with any degree of specificity. (DE 14 at 3.) He also asserts that the Sheriff's

Department initiated the lice inspection, which he claims was "fake," and disbursed

pepper balls to jail guards. (*Id.*) These actions in and of themselves would not violate

Dotson's constutional rights, and Dotson does not specifically allege, nor can it

plausibly be inferred from his allegations, that the jail had an official policy or custom of

using excessive force against detainees, or that an official with final policy-making

authority ordered Deputy Heath to fire on Dotson for no reason.

Dotson also appears to allege that the Sheriff's Department is liable under

*Monell* for the conduct of Deputy Marvel, a jail guard who allegedly caused Dotson to

injure his finger during this incident.[3] Dotson provides only sketchy details about the

incident with Deputy Marvel, but based on the prior complaint, the Court determined

that Deputy Marvel was justified in using force against Dotson in light of the

circumstances. (*See* DE 9 at 4-5.) There is nothing in the amended complaint to warrant

a different ruling. Because Dotson has failed to allege a constitutional claim against

Deputy Marvel, a claim for municipal liability against the Sheriff's Department based

on Deputy Marvel's conduct also fails. *See Alexander v. City of South Bend*, 433 F.3d 550,

557 (7th Cir. 2006) (municipal defendant could not be held liable under *Monell* unless its

officer caused underlying constitutional violation). In addition to this threshold

deficiency, a *Monell* claim based on the conduct of Deputy Marvel suffers from the same

---

[3] Dotson mentions Deputy Marvel only tangentially in the amended complaint, and it is not clear whether he is attempting to raise a claim based on Deputy Marvel's conduct. The Court addresses the claim out of an abundance of caution.

flaw as the claim based on the conduct of Deputy Heath: Dotson does not clearly allege, nor can it plausibly be inferred from his allegations, that Deputy Marvel acted pursuant to an official policy or at the direction of an official with policy-making authority. For these reasons, the Sheriff's Department will be dismissed as a defendant.

Also before the Court is Dotson's motion for service of the amended complaint by the United States Marshals Service. (DE 15.) Because Dotson was previously granted leave to proceed *in forma pauperis* in this case, his request will be granted. *See* 28 U.S.C. § 1915(d). Deputy Heath was given until April 9, 2010, to answer the original complaint, and because the claim on which Dotson is being granted leave to proceed is substantively identical to his earlier claim against Deputy Heath, the Court finds no reason to extend the deadline to answer.

For these reasons, the Court:

(1) **GRANTS** Dewange L. Dotson leave to proceed on a Fourteenth Amendment excessive force claim against Deputy Heath in an individual capacity for monetary damages for shooting Dotson with a pepper ball on or about October 8, 2008;

(2) **DISMISSES** the St. Joseph County Sheriff's Department;

(3) **DISMISSES** all other claims;

(4) **GRANTS** Dotson's motion (DE 15) and **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Deputy Heath; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Heath respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Dotson has been granted leave to proceed in this screening order, on or before April 9, 2010.

<strong>SO ORDERED.</strong>

Date: March 18, 2010

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT