```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

DEWANGE L. DOTSON,            )
                              )
             Plaintiff,       )
                              )     NO. 3:09 CV 543 JM
        v.                    )
                              )
DEPUTY HEATH,                 )
                              )
             Defendant.       )

## OPINION AND ORDER

Presently before the Court is the motion of defendant, by counsel, to "preserve affirmative defense for trial." (DE 28.) Dewange L. Dotson, a *pro se* prisoner, was granted leave to proceed on an excessive force claim against Deputy Heath, a guard at the St. Joseph County Jail. (DE 9.) In his answer to the complaint, Deputy Health raised various affirmative defenses, including failure to exhaust administrative remedies, qualified immunity, untimeliness of the complaint, and failure to state a claim. (DE 20.) The assigned Magistrate Judge entered a preliminary scheduling order staying discovery and requiring a dispositive motion be brought based on these affirmative defenses by July 12, 2010, or the defenses would be deemed waived. (DE 21, 25.)

In the interim, new counsel entered an appearance in the case. (DE 26, 27.) In the present motion, new counsel assert that they do not intend to bring a motion to dismiss based on these affirmative defenses, having found "little or no basis" for doing so. (DE 28 at 1.) They nevertheless assert that Deputy Heath may wish to raise a qualified

immunity defense after discovery and an internal investigation are completed, and they ask to "preserve" this defense for later stages of the litigation. (*Id.* at 1-2.)

"Qualified immunity" is a legal term that is sometimes misused. In actuality it is "an immunity from suit rather than a mere defense to liability" that protects government officials "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S.—, 129 S. Ct. 808, 815 (2009); *see also Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). Determining whether a defendant is entitled to immunity from suit depends upon whether: (1) the facts alleged by the plaintiff show that the defendants violated a constitutional right; and (2) that constitutional right was clearly established at the time of the alleged violation. *Pearson*, 129 S. Ct. at 815-16.

It is clear from the defendant's motion that he does not believe he is entitled to the form of qualified immunity that precludes this suit from proceeding past the pleading stage. Rightly so, since Dotson has alleged (and the Court must accept as true at this stage) that Deputy Heath hit him with a "pepper ball," causing him injury, while he was doing nothing other than standing in line waiting to be checked by a nurse. *See Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993) (plaintiff can overcome qualified immunity defense if he alleges facts showing that force used was so plainly excessive that the defendant should have been on notice he was violating the plaintiff's

2

constitutional rights). In declining to bring a motion to dismiss on this ground by the deadline previously set, Deputy Heath has waived his right to argue that qualified immunity entitles him to dismissal of this suit prior to the commencement of discovery.

Nevertheless, there is no bar to Deputy Heath arguing at later stages of the litigation that he is not liable because the facts developed in discovery show that events did not occur as Dotson claims or that he simply made a reasonable mistake about how much force to use. *See generally Pearson*, 129 S. Ct. at 815; *Chelios v. Heavener*, 520 F.3d 678 (7th Cir. 2008); *Reynolds v. Jamison*, 488 F.3d 756 (7th Cir. 2007). Deputy Heath is free to raise such arguments at later stages of the litigation, and he need not obtain leave from this Court to do so.

For these reasons, the defendant's "Motion to Preserve Affirmative Defense for Trial" (DE 28) is **DENIED**.

**SO ORDERED.**

Date: July 19, 2010

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT