UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEWANGE L. DOTSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:09 CV 543 |
| v. | ) | |
| | ) | |
| DEPUTY HEATH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

Dewange L. Dotson, a *pro se* prisoner, was granted leave to proceed on a claim that Deputy Dean R. Heath, a jail guard, used excessive force against him in violation of the Fourteenth Amendment during a disturbance at the St. Joseph County Jail. (DE # 9.) Deputy Heath now moves for summary judgment in his favor. (DE # 49.)

**I.  FACTS**

The following facts are undisputed. Deputy Heath has been employed at the St. Joseph County Jail since 2003. (DE # 50-3, Heath Aff. ¶ 1.) On October 8, 2008, Deputy Heath was working at the jail when he was notified that the warden was activating the Detention Response Team to assist in a search for contraband in the B-Pod, where Dotson was housed as a pretrial detainee. (DE # 50-3, Heath Aff. ¶ 2.) Deputy Heath was a member of the Detention Response Team and in that role had received training in the use of the Jaycor pepperball gun system. (DE # 50-2, Interrog. Resp. at 1-3; DE # 50-3, Heath Aff. ¶ 2.) On the date in question, the team members were each given a tactical assignment; Deputy Heath and one other deputy were

assigned to the pepperball gun system, and their task was to control the movements of the inmates in the B-Pod as they were being searched. (DE # 50-3, Heath Aff. ¶ 2.)

When Deputy Heath and the other team members arrived at the B-Pod, they made their way to the outdoor recreation door. (DE # 50-3, Heath Aff. ¶ 3.) As they heard the inmates coming down the hall, the guards came around the corner, and Deputy Heath directed all 22 inmates to get down on their knees and face the wall. (*Id.*) All the inmates complied except for one; this inmate was someone other than Dotson. (*Id.* ¶ 4.) The inmate continued to stand with his back to the wall and was again ordered to kneel down and face the wall. (*Id.*) He again refused. (*Id.*) At that point Deputy Heath deployed several pepperball rounds, striking the inmate in the torso. (*Id.*) The inmate then complied with Deputy Heath's orders. (*Id.*)

Thereafter, all the inmates were taken to the outdoor recreation yard for fresh air. (*Id.* ¶ 5.) The inmate who was struck with the pepperball was later treated and cleared by medical staff. (*Id.* ¶ 4.) A few other inmates complained that they had also been hit by a pepperball. (*Id.* ¶ 5.) Each of these inmates were checked by medical staff and given medical treatment, although none were found to have any visible marks on their skin consistent with being hit by a pepperball round. (*Id.*)

## II. ANALYSIS

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

2

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Because Dotson was a pretrial detainee during these events, the Fourteenth rather than the Eighth Amendment applies, but the "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In either case, the "core requirement " for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application

of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

In determining whether the use of force was reasonable, particular deference is owed to correctional staff attempting to maintain or restore order in a correctional facility. *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986). On this point, the Supreme Court has instructed:

> When the ever-present potential for violent confrontation and conflagration . . . ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators . . . carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. . . .

*Id.* (internal quotation marks and citations omitted). Therefore, "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Id.* at 322.

Here, the undisputed facts show that Deputy Heath used force not maliciously and sadistically to cause harm, but in a good-faith effort to maintain order during a potentially volatile situation at the jail. Specifically, the record shows that Deputy Heath

4

was responsible for controlling the movements of 22 inmates during a search for contraband. One of the inmates refused two direct orders to kneel down and face the wall, and Deputy Heath was entitled to use force to get him to comply. As the Seventh Circuit has observed:

> Inmates cannot be permitted to decide which orders they will obey, and when they will obey them . . . . When an inmate refuses to obey a proper order, he is attempting to assert his authority over a portion of the institution and its officials. Such refusal and denial of authority places the staff and other inmates in danger.

*Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) (internal citation omitted). If an inmate "cannot be persuaded" to obey a direct order, "some means must be used to compel compliance, such as a chemical agent or physical force." *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984). That is what Deputy Heath did here when he deployed the pepperball gun.

It is unclear from the record whether Dotson was actually hit with a pepperball round during this incident. Deputy Heath attests that to the best of his knowledge he only hit the one inmate who refused to comply with his orders, whereas Dotson asserts, by referencing his complaint, that he was hit with a pepperball round also. (*See* DE # 50-3, Heath Aff. ¶ 5; DE # 57 at 2.) At this stage it is not sufficient for Dotson to rely on the allegations in his complaint.[*] *Goodman*, 621 F.3d at 654. However, even if the court were

---

[*] While the complaint is not sufficient to create a genuine issue of fact for trial, the court finds it notable that the nature of the injury Dotson complains of is difficulty breathing; he does not describe any type of contact injury that would be consistent with being hit by a pepperball round. (*See* DE # 1 at 3.)

5

to credit Dotson's version of events, this would not show malicious or sadistic action on the part of Deputy Heath. Instead, the undisputed facts show that Deputy Heath deployed the pepperball rounds consistent with his training and in a good-faith effort to restore order during an unstable and potentially dangerous incident at the jail. At most, the facts show that Dotson may have been hit with a pepperball round as an unfortunate result of another inmate's refusal to comply with an order. Dotson has not come forward with evidence from which a reasonable jury could conclude that Deputy Heath used excessive force against him in violation of the Fourteenth Amendment. Accordingly, Deputy Heath is entitled to summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the motion for summary judgment (DE # 49) is **GRANTED** and judgment is **ENTERED** in favor of the defendant.

**SO ORDERED.**

Date: June 30, 2011

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT